**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court."
Although it is posted on the internet, this opinion is binding only on the
parties in the case and its use in other cases is limited. R.1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-2615-15T3

JOHN and LISA ZERVOPOULOS,

      Plaintiffs-Appellants,

v.

PLANNING BOARD OF THE
BOROUGH OF DUNELLEN
and 216 NORTH AVENUE
ASSOCIATES, LLC,

      Defendants-Respondents.

_____

Argued November 29, 2016 — Decided June 12, 2017

Before Judges Messano and Guadagno.

On appeal from the Superior Court of New
Jersey, Law Division, Middlesex County,
Docket No. L-6102-14.

James E. Stahl argued the cause for
appellants (Borrus, Goldin, Foley, Vignuolo,
Hyman & Stahl P.C., attorneys; Mr. Stahl, of
counsel and on the brief; Jay Holub, on the
brief).

John M. Lore argued the cause for respondent
Planning Board of the Borough of Dunellen
(DeMarco & Lore, attorneys; Mr. Lore, on the
brief).

Joseph A. Paparo argued the cause for respondent 216 North Avenue Associates, LLC (Hehl & Hehl, P.C., attorneys; Mr. Paparo, of counsel and on the brief; Corey Klein, on the brief).

PER CURIAM

Plaintiffs John and Lisa Zervopoulos appeal from the April 13, 2015 Law Division order affirming the decision of defendant Planning Board of Dunellen (Board) granting preliminary and final site plan approval and bulk variances to defendant 216 North Avenue Associates (216 North). Plaintiffs also appeal from the January 19, 2016 order dismissing their complaint with prejudice after trial.

Plaintiffs own a laundromat located on property (Lot 18) in Dunellen. In 2005, Primax Properties (Primax), then owner of property adjoining Lot 18, applied to the Board for subdivision approval to split the parcel into two lots (Lots 16 and 17) and develop each parcel separately. Plaintiffs initially opposed the application as the proposed site plan depicted parking on plaintiffs' Lot 18. Plaintiffs withdrew their opposition after Primax agreed to execute an easement which provided a shared driveway and parking lot.

Thereafter, Primax began construction of an auto parts store. This led to further discussions and eventually an amended easement dated December 17, 2009, containing use

A-2615-15T3

restrictions preventing plaintiffs from using their lot for auto parts sales and Primax from using its lots for laundry facilities.

In October 2013, 216 North purchased the property from Primax. In April 2014, 216 North applied to the Board for site plan approval and variances to build a three-story mixed use building with retail space on the first floor and two floors containing four residential units per floor.

On June 23, 2014, the Board conducted a hearing on the application. 216 North presented four expert witnesses. Steven Parker, a civil engineer who prepared the site plan, requested that the Board waive several items normally required such as an environmental impact statement, a drainage study, and a wetlands study. Parker explained that these items were addressed in the 2006 application and 216 North was "not proposing any changes to the site . . . other than the completion of the construction of the building."

Alan Feld, a licensed architect, testified that the original approved project was for one commercial space of approximately 4200 square feet, but now the structure will have a second and third floor, as well as a basement with a net area of 3260 square feet. The second and third floor of the proposal will have eight units, which will consist of two bedrooms per

unit. Feld testified that the proposed building will "advance the design standards of the redevelopment of the downtown Dunellen district."

Joseph Staigar, a traffic engineer, testified that the new proposal does not require a reapplication as to the Department of Transportation access permits because there are no modifications to the driveways or the operation of the driveways that would require different permits.

Staigar testified that adding the additional eight residential units to the commercial space would have minimal impact on traffic conditions on the site and would not violate the current permits which allow 100 trips per hour; the units, even during peak hours, would not exceed that limitation.

During cross-examination by plaintiffs' counsel, Staigar acknowledged that he was aware of the easement agreement as to the use of the parking spaces, but he did not consider the shared use of the parking lot.

Keenan Hughes, a licensed planner, testified that the proposed plan does not need a minimum on-site parking requirement as it is under the 20,000 square feet requirement and the Board is requiring one because the lots in question are part of a shared access. Hughes explained that the proposed plan to have a mixed use building "helps the borough to achieve

4                                         A-2615-15T3

its interest in providing downtown living opportunity and what is a very appropriate location. . . . [and] granting of the variance would advance purposes of the plan." During cross-examination, Hughes admitted that he did not consider the shared parking space of plaintiffs' laundromat when determining the positive effect of the mixed use proposal. Plaintiffs called no witnesses at the hearing. The Board approved the amended site plan and variances.

Plaintiffs filed a two-count complaint in lieu of prerogative writs challenging the decision of the Board and seeking to enjoin the construction of the mixed use facility. Plaintiffs claimed the proposal to add two additional floors of residential units violates the amended easement agreement as the parties intended to share parking of the laundry and retail store only, and the residential units will place additional strain on the facility. Plaintiffs also claimed that the use restriction limits 216 North to construction of retail stores and prohibits residential units. Judge James P. Hurley bifurcated the complaint and dismissed the first count challenging the decision of the Board granting the site plan approval and the variances.

Trial on the second count was limited to whether the amended easement agreement restricted the use of Lot 17 to retail stores.

Plaintiff Lisa Zervopoulos testified that she and her husband John purchased the laundromat in 2003. The laundromat consists of sixty-eight washing machines and one hundred dryers. She and her husband attended the planning board meeting in 2005 to object to Primax's application because their property was included in the plans. They agreed to support the application in exchange for an easement agreement between the parties for parking and access.

Plaintiff and her husband filed a lawsuit against Primax in 2009 regarding a fence and disputes related to parking during the construction of the auto parts store. The original easement agreement was amended in December 2009 after the parties settled the matter. The parties agreed in the Amended Agreement that because Primax had a silt fence that blocked plaintiffs' property on Lot 18 during the construction, Primax would develop the Lot 17 parking area in two separate phases so it would not affect either party's ability to utilize the parking area.

Plaintiff testified that there were no other restrictions on the use of the building in the Amended Agreement other than the use of it being a laundromat because plaintiff "didn't care

A-2615-15T3

what it was going to be used for.  [She] care[s] more about the size of the actual building."

Defendant called Joseph Villani, who formed 216 North in 2013 with the intent to purchase the property located at 216 North Avenue from Primax.  Villani testified that the application filed with the Board in 2014 did not change any site improvements that were already completed, did not propose to remove any parking spaces, and did not alter physically in any way the driveway that both parties shared.

Defendant then called Joseph Staigar, who testified before the Board in 2014.  Staigar prepared a parking study report "to establish the accumulation of parking at peak times on the property, . . . to project how much parking would be required coincidentally with the existing uses on the site for the proposed uses, projected the proposed use parking demand at times when the . . . existing uses would peak."  Staigar noted that there are fifty-five parking spaces on site and thirteen metered spaces along the frontage of North Avenue which totals sixty-eight available parking spaces.

Staigar testified that if the property or lot is less than 20,000 square feet, there is no parking standard under the code, but the borough ordinance requires one space for every 200 square feet of retail and 1.75 spaces per unit.  Applying this

calculation to the laundromat, the existing apartments above it, the proposed retail store, and the eight apartments, sixty-two spaces would be required. However, the redevelopment plan for the borough allows for "one half of the parking requirement for any use whose peak attendance will be at night and may be assigned to a use which was closed at night." Staigar calculated that the ordinance requires fifty spaces, and the actual demand is for fifty-four spaces; both are less than the fifty-five spaces available.

Judge Hurley accepted Mr. Staigar's conclusions and found that "his analysis is based on acceptable engineering principles supported by observable facts." The judge noted that plaintiffs offered no contradictory testimony. The judge found the terms of the Amended Agreement were "clear as written" and contain no reference to traffic plans. The judge concluded that there was no actual or anticipatory breach of the Amended Agreement by 216 North, and without establishing a breach, the relief sought by plaintiffs cannot be granted. Finally, the judge noted that plaintiffs' admitted plan to expand the laundromat is contrary to their interpretation of the restrictions contained in the Amended Agreement.

On appeal, plaintiffs claim the planning board's approval was arbitrary, capricious, and unreasonable as the applicant

failed to provide a factual foundation to support the application and as such, the approval should be declared void. Plaintiffs also claim the trial judge erred in its interpretation of the essential elements of the easement agreement.

We begin our review of the Board's action by noting that "public bodies, because of their peculiar knowledge of local conditions must be allowed wide latitude in the exercise of delegated discretion." Kramer v. Bd. of Adjustment, 45 N.J. 268, 296 (1965).

Our examination of the evidence presented to the Board reveals ample support for its decision to grant the site plan approval and variances. Plaintiffs have failed to establish that the Board's actions were arbitrary, capricious, or unreasonable.

Similarly, we find no proof that the trial judge erred in his interpretation of the elements of the easement and we affirm the January 19, 2016 order dismissing plaintiffs' complaint with prejudice, substantially for the reasons set forth in Judge Hurley's thorough written decision. R. 2:11-3(e)(1)(E).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-2615-15T3